IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT M. DOUGHTY II, PC,

    Plaintiff,

-vs-                                                  NO. _____

WRIGHT NATIONAL FLOOD INS. SERVICES, LLC
d/b/a WRIGHT NATIONAL FLOOD INSURANCE CO.,

    Defendant.

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Robert M. Doughty II, PC, by and through his attorneys of record DOUGHTY, ALCARAZ & deGRAAUW, P.A. (Robert M. Doughty III and Patricia S. Woody), and hereby brings this Complaint for Damages as follows:

## JURISDICTION AND VENUE

1.    Plaintiff Robert M. Doughty II, PC ("Plaintiff") is a resident of Otero County, New Mexico.

2.    Upon information and belief, Defendant Wright National Flood Ins. Services, LLC d/b/a Wright National Flood Insurance Co. ("Defendant"), is a foreign for-profit insurance company, organized under the laws of Florida, with its principal place of business located in St. Petersburg, Florida.

3.    The events described in this Complaint occurred in Otero County, New Mexico.

4.    This cause of action arises from 42 U.S.C. § 4072 regarding the adjustment and payment of claims made under a national flood insurance policy.

5.    This cause of action is also based upon insurance contracts, and acts or omissions leading up to and following the entry of such contract, occurring in New Mexico.

6. The United States district court for the district in which the insured property is situated has original exclusive jurisdiction over this action; therefore, jurisdiction and venue are proper in this Court.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7. On or about August 1, 2014, Plaintiff's property located at 1207 New York Ave. ("Property") in Alamogordo, Otero County, New Mexico was damaged due to severe flooding in the area.

8. On August 1, 2014, Plaintiff made a claim for damages to the Property arising from the flood.

9. In early September, Defendant sent an engineer to investigate the claim, but the engineer failed to inspect the damage caused by the flood underneath the building on the Property.

10. On September 17, 2014, Defendant accepted the claim in part and paid for certain repairs, including $3,642.33 for cleaning under floor ducts and for mold control, but denied coverage for structural damage.

11. On or about September 22, 2014, and before Plaintiff had an opportunity to appeal Defendant's denial of coverage for structural damage, Plaintiff's Property was further damaged by a second flooding event.

12. Immediately after the floods, the following damage to the Property became apparent which had not existed prior to the floods, including but not limited to:

    A. The floor of the kitchen area where new linoleum was installed in the weeks leading up to the first flood drastically bowed as well as other interior floors;

   B. Structural cracks formed in the walls after the first flood and widened after the second flood;

   C. The front exterior door could not be closed without great difficulty;

   D. Interior doors could not completely close;

   E. A foul, musty odor of mold permeated the building; and

   F. A giant crack formed in the front porch.

13. On September 22, 2014, Plaintiff made a second claim for the damages to the Property arising from the two floods.

14. On October 20, 2014, Defendant denied coverage for structural damages reported in the September 22, 2014 claim.

15. On November 17, 2014, Defendant reaffirmed its denial of coverage for structural damage reported in both of Plaintiff's claims.

16. Pursuant to 44 CFR § 62.20, Plaintiff appealed Defendant's decision to deny coverage for the structural damage to the Property to the Federal Emergency Management Agency ("FEMA") on January 6, 2015.

17. On February 25, 2015, Plaintiff's administrative remedies were exhausted when FEMA reviewed Plaintiff's appeal and affirmed Defendant's denial of coverage for the structural damage sustained to the Property by the two flooding events.

18. As a result of the aforementioned, Plaintiff has suffered damages.

## COUNT I – COVERED DAMAGES

19. Plaintiff re-alleges the allegations contained in paragraphs 1-18 above as if fully set forth herein.

20. Due to the two separate and distinct flooding events on August 1, 2014 and

September 22, 2014, Plaintiff's Property sustained structural damage that was not present before the floods.

21. The proximate cause and cause in fact of the structural damage to Plaintiff's Property was the two flooding events.

22. Defendant's issued insurance policy to Plaintiff was in full force and effect during all pertinent times mentioned herein which provided coverage for structural damage caused by flooding events covering Plaintiff's losses.

23. Under the terms of said policy, Defendant is contractually obligated to provide coverage for structural damage caused by flooding events, including the two flooding events that occurred on August 1 and September 22 of 2014.

24. Defendant did not agree to the amount of damages claimed by Plaintiff and wrongfully denied coverage for the structural damage to Plaintiff's Property.

25. Plaintiff is entitled to jury determination of damages suffered as a result of the flooding events of August 1 and September 22 of 2014, for which Defendant is responsible to pay.

## COUNT II – BREACH OF CONTRACT

26. Plaintiff re-alleges the allegations contained in paragraphs 1 – 25 above as if fully set forth herein.

27. Defendant has certain contractual duties in dealing with insured persons, express in the insurance policy, and implied in the course of dealing, including a duty of good faith and fair dealing.

28. Defendant has breached its contract with Plaintiff in that Defendant accepted premium payments, but failed and refused to insure Plaintiff as reflected by the issued policy.

29. Plaintiff is an insured under the policy and intended third party beneficiary under the contract and policy at issue.

30. Plaintiff has suffered damages as a result of Defendant's breach and had to engage the services of an attorney and incurred costs in prosecuting Plaintiff's claims.

31. Defendant knew or reasonably should have known of its obligation to contractually perform. It was Defendant's own actions which led to the matters about which are complained; therefore, in addition to the other allegations stated herein, Defendant's actions are in bad faith.

32. Defendant's actions represent a breach of its contract with the insured, Plaintiff, and were conducted in a manner that was grossly negligent, reckless, wanton, and in willful disregard of its insured's rights.

33. As a result of Defendant's breach of contract, Plaintiff is entitled to recover both compensatory and punitive damages in an amount to be determined at trial.

## COUNT III – INSURANCE BAD FAITH

34. Plaintiff re-alleges the allegations contained in paragraphs 1-33 above as if fully set forth herein.

35. By reason of the existence of said insurance coverage, Defendant owed a duty of good faith and fair dealing to the insured persons under said policy, including Plaintiff.

36. Defendant failed to meet its duties toward Plaintiff by failing to diligently investigate Plaintiff's claims when it sent an engineer to inspect the Property who thereafter failed to inspect damage under the building on the Property.

37. Defendant failed to give the interest of the policy holder and those covered under the policy the same consideration as their own interest.

38. By failing to act according to its duties, Defendant has acted in bad faith.

39. As a proximate result of the breach of Defendant's duties and obligations, Plaintiff has suffered damages.

40. The conduct of Defendant was willful, wanton, malicious, and amounts to bad faith; therefore, Plaintiff is entitled to punitive damages.

### COUNT IV – VIOLATION OF THE NEW MEXICO INSURANCE CODE

41. Plaintiff re-alleges the allegations contained in paragraphs 1-40 above as if fully set forth herein.

42. Defendant, at all times material hereto, was subject to the New Mexico Insurance Code, NMSA 1978, Chapter 59A, Article 16.

43. Defendant, at all times material hereto, has failed to abide by its statutory duties set forth in NMSA 1978 § 59A-16-1 et seq. Violation of said statutes as enumerated herein constitutes negligence per se.

44. Specifically, Defendant engaged in one or more of the following prohibited practices as set forth in § 59A-16-20:

    A. Failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

    B. Failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

    C. Not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

      D.     Compelling insureds to institute litigation to recover amounts due under the policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered; and/or

      E.     Attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application.

45.    The prohibited acts referred to in this count herein above were done by Defendant knowingly and willfully.

46.    As a proximate result of the above violations, Plaintiff suffered damages.

47.    Upon information and belief, and based upon the way Plaintiff's claims were handled, the above alleged acts were practices engaged in by Defendant with such frequency as to indicate that such conduct was Defendant's general business practice.

48.    Defendant is responsible for Plaintiff's attorney fees and costs pursuant to § 59A-16-30 and § 39-2-1, and any additional relief granted under § 59A-16-1 et seq. In addition to general, consequential and compensatory damages, Plaintiff is entitled to punitive or exemplary damages for Defendant's violation of the New Mexico Insurance Code as set forth herein.

49.    Defendant's failure and refusal to diligently investigate Plaintiff's claims and to recognize and accept coverage forcing the institution of litigation with an insured, as more fully alleged herein, has been willful, grossly negligent, reckless, wanton, wrongful, and in bad faith disregard of Plaintiff's rights.

## COUNT V – PUNITIVE DAMAGES

50. Plaintiff re-alleges the allegations contained in paragraphs 1-49 above as if fully set forth herein.

51. Defendant failed to diligently investigate Plaintiff's claims and consider Plaintiff's interests under the issued policy against its own interests.

52. Defendant wrongfully and in violation of prohibited practices denied coverage to which Plaintiff was entitled.

53. Defendant denied coverage with fraudulent, wanton, willful, malicious, and/or reckless disregard for the rights of Plaintiff.

54. As a result of Defendant's wrongful conduct, Plaintiff is entitled to punitive damages.

## DAMAGES

55. Plaintiff re-alleges the allegations contained in paragraphs 1-54 above as if fully set forth herein.

56. As a direct and proximate result of the wrongful conduct of the Defendant, Plaintiff has suffered damages.

WHEREFORE, Plaintiff requests relief from this Court, including the following:

A. For an award in favor of Plaintiff and against Defendant in an amount sufficient to compensate Plaintiff for all compensatory and punitive damages, injuries, losses, attorneys' fees, costs, and interest recoverable under the law, including pre- and post-judgment interest.

B. For such other and additional relief as the Court may deem just and proper.

Respectfully submitted,

DOUGHTY, ALCARAZ & deGRAAUW, P.A.


By: _____
    Robert M. Doughty III
    Patricia S. Woody
*Attorneys for Plaintiff*
20 First Plaza NW, Suite 412
Albuquerque, NM  87102
(505) 242-7070